COMMONWEALTH *vs.* CARL Z. PETTIJOHN. July 20, 1976. 1. The defendant's sole argument concerning Smith's selection of the photograph of the defendant from among the nine photographs shown him by Officer Ivanoski is groundless. The evidence at the hearing on the motion to suppress did not warrant a finding that Smith had previously seen any of the other eight photographs during the course of his earlier perusal of "mugbooks" at the police station. There was a failure of proof on that point. See *Commonwealth* v. *Botelho,* 369 Mass. 860, 867-868 (1976), *Commonwealth* v. *Underwood,* 3 Mass. App. Ct. 522, 533-534 (1975). Accordingly, there was no occasion for the judge to make

a separate determination of the admissibility of Smith's proposed in-court identification of the defendant as the person who had robbed him. *Commonwealth* v. *Mobley,* 369 Mass. 892, 897 (1976). *Commonwealth* v. *Kostka,* 370 Mass. 516, 524 (1976). 2. The judge did not abuse his discretion in refusing to allow the defendant (a) to cross-examine Ivanoski as to whether Griffin had initially identified a photograph of someone other than the defendant as being a likeness of the robber or (b) to call Griffin to testify to the same effect. As the judge observed, it was clear from the testimony given by Smith and Griffin at the hearing on the motion to suppress (which was allowed as to Griffin) that there were substantial differences between the respective opportunities of the two witnesses to observe and recollect the facial characteristics of the robber. Contrast *Commonwealth* v. *Franklin,* 366 Mass. 284, 286, 288-290 (1974). In view of our conclusion on this point we do not consider whether either of the refusals could also be supported on any of the other grounds given by the judge.

*Judgment affirmed.*

*Maurice F. Ford* for the defendant.
*John A. Kiernan,* Assistant District Attorney, for the Commonwealth.

